**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAMPOS SANJINEZ, Pierr Yovany,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **J.L. JAMISON, Warden, Federal Detention** | : | |
| **Center, Philadelphia, _et al._,** | : | **No. 26-2943** |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 5th day of May, 2026, upon consideration of Pierr Yovany Campos Sanjinez's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1.   Pierr Yovany Campos Sanjinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.   Respondents shall immediately release Pierr Yovany Campos Sanjinez from custody.

3.   Respondents shall not subject Pierr Yovany Campos Sanjinez to any additional or new conditions of release.

4.   Immediately upon his release, Respondents shall return all personal property of Petitioner that was confiscated upon or during his detention, including his identification documents.

5.  Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on May 6, 2026.

6.  Respondents are temporarily enjoined from re-detaining Pierr Yovany Campos Sanjinez for seven days following his release from custody.

7.  If Respondents pursue re-detention of Pierr Yovany Campos Sanjinez, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

8.  Petitioner may move separately for costs and reasonable attorney fees on or before **May 19, 2026**.[2]

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Pierr Yovany Campos Sanjinez is a native of Peru, who arrived in the United States on or about December 24, 2022. ECF No. 1 ¶ 17. Upon entering the United States, he was encountered by officers of the Department of Homeland Security (DHS) and released on Alternatives to Detention to live in Warminster, Pennsylvania. *Id.* ¶ 18. Petitioner has a pending application for asylum and has received work authorization and a social security card. *Id.* ¶ 20. He now resides with his sister in Hatboro, Pennsylvania, works two jobs to support himself and his family, pays taxes in the United States, and is the primary caretaker of his sister who suffers from serious medical conditions. *Id.* ¶ 19. Petitioner has complied with all conditions of his immigration process and release and checks in with ICE as directed. *Id.* ¶ 20. Petitioner attended his regular check-in as part of the intensive Supervision Appearance Program on April 30, 2026, where DHS officials detained him and took him into custody with no prior notice or opportunity to contest his detention. *Id.* ¶ 21. On May 2, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1. On May 5, 2026, the government timely filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No. 4.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts. *See* ECF No. 4 at 3. Indeed, this Court is unaware of a single case in this District agreeing with the government. This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission in 2022 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.

---

[2] In his petition, Petitioner asked the Court to award costs and reasonable attorney fees as provided for by the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law. *See* ECF No. 1 at 18. The parties did not provide arguments as to whether such an award is available under these circumstances. The Court will consider such arguments in separate briefing if Petitioner may so move consistent with Fed. R. Civ. P. 11.